FILED

2018 AUG 29 PM 4: 46

U.S. DISTRICT COURT
N DISTRICT OF OHIO
CLEVELAND

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **INDICTMENT** |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 5:18 CR 515 |
| | ) | Title 18, Sections 1344, |
| BOBBIE W. WILLIAMS, a.k.a, | ) | 152(1), 152(2), 152(3), and |
| ROBERT W. WILLIAMS | ) | 157, United States Code |
| | ) | |
| Defendant. | ) | |

JUDGE GWIN

**COUNT 1**
(Bank Fraud, in violation of 18 U.S.C. § 1344)

The Grand Jury charges:

At all times material herein:

1.  Defendant BOBBIE W. WILLIAMS, a.k.a., ROBERT W. WILLIAMS ("WILLIAMS") was a resident of Akron, Ohio, and the owner and operator of Housing Authority Services ("HAS") and Housing Services Consulting Group, LLC. ("HSC"), also located in Akron, Ohio.

2.  The Federal Housing Administration ("FHA"), a part of the US Department of Housing and Urban Development ("HUD"), provided mortgage insurance on single and multi-family loans made by FHA-approved lenders. FHA provided approved lenders with protection against losses on mortgage loans by paying claims to the lenders in the event of homeowners default. Loans must meet certain FHA requirements to qualify for FHA protection.

3. Western Ohio Mortgage Corp, dba Home Mortgage ("Western") was a financial institution, as defined pursuant to 18 U.S.C. §§ 20 and 27, in that it was a mortgage lending business that financed a debt secured by an interest in real estate and whose activities affected interstate commerce. Western was located in Sidney, Ohio, and was a FHA approved lender.

4. On or about January 15, 2013, WILLIAMS signed a residential real estate purchase agreement declaring that he would obtain and use a FHA loan to purchase the residential property located at 2019 Ridgewood Road, Akron, Ohio ("Ridgewood Property") for $310,000.

5. On or about February 21, 2013, WILLIAMS signed a "Notice to Homebuyers" acknowledging that he had read the notice containing instructions not to commit loan fraud, including falsifying his assets and applying for a loan by assuming the identity of another, as well as read the penalties for loan fraud.

6. On or about March 21, 2013, WILLIAMS signed a loan application containing false and fraudulent information in order to secure approval of his loan application for approximately $304,385 and caused it to be submitted to Western as the buyer of the Ridgewood Property.

7. On or about March 21, 2013, WILLIAMS provided the Western loan officer with the fraudulent social security number ("SSN") of xxx-xx-1839. He signed the loan application containing the same fraudulent SSN. The SSN used on the loan application was being used in his daughter's name. WILLIAMS' true SSN was xxx-xx-0532. He caused the fraudulent loan application to be submitted to Western.

8. On or about March 21, 2013, WILLIAMS signed a loan application, falsely representing that he was a W-2 employee of HAS, and caused it to be submitted to Western. He further provided fraudulent W-2s to Western, knowing in fact that he was the owner and sole proprietor of HAS, which would have led to heighted financial scrutiny by Western prior to the approval of the loan.

9. On or about March 21, 2013, WILLIAMS signed a loan application, falsely representing his gross monthly income was approximately $10,583, knowing in fact that his true annual income was approximately $7,000, and caused it to be submitted to Western..

10. On or about March 21, 2013, WILLIAMS signed a loan application, falsely representing that he had approximately $72,990 in two First Merit Bank (now Huntington Bank) accounts – approximately $7,715 in account ending in number 2524 and approximately $65,275 in account ending in number 5503, knowing in fact that he only had approximately $400 in these accounts at First Merit Bank and caused it to be submitted to Western.

11. On or about March 21, 2013, WILLIAMS caused to be to provided to the Western loan officer two false bank statements from First Merit Bank (now Huntington Bank) for accounts ending in number 2524 and 5503: one from the time period of December 11, 2012 to January 9, 2013 showing a balance of $70,013.26, knowing in fact that he only had approximately $411.01 in that account; and, a second from the time period of January 10, 2013 to February 8, 2013 showing a balance of $72,990.36, knowing in fact that he only had approximately $0.95 in that account.

12. On or about March 21, 2013, by signing the loan application, WILLIAMS affirmed that the information provided to Western on the loan application was "true and correct" and acknowledged the penalties for providing intentional misrepresentations.

13. On or about March 21, 2013, WILLIAMS signed the settlement statement, or HUD-1, prepared by Netwide Title attesting that all of the information on the HUD-1 was true and accurate, finalizing Western's approval of the loan and the disbursement of funds for WILLIAMS' purchase of the Ridgewood Property.

14. On or about March 22, 2013 a general warranty deed was recorded in Summit County, Ohio reflecting the transfer of 2019 Ridgewood Road, Akron, Ohio 44313 to "Bobbie W. Williams."

15. On or about March 21, 2013 the mortgage held by Western was assigned to U.S. Bank National Association ("US Bank").

16. WILLIAMS was not able to make the mortgage payments, defaulted on the mortgage loan, and the Ridgewood Property went into foreclosure causing a loss to the lender.

17. From on or about January 15, 2013, through on or about March 21, 2013, in the Northern District of Ohio, Eastern Division, and elsewhere, Defendant BOBBIE W. WILLIAMS, a.k.a., ROBERT W. WILLIAMS, along with others known and unknown to the Grand Jury, knowingly executed and attempted to execute a scheme and artifice to defraud Western Ohio Mortgage Corp, dba Home Mortgage, a financial institution, and to obtain moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Western Ohio Mortgage Corp, dba Home Mortgage, by means of false and fraudulent pretenses, representations, and promises, in connection with a mortgage loan in the amount of

approximately $304,385 on property located at 2019 Ridgewood Road, Akron, Ohio.

All in violation of Title 18, United States Code, Section 1344.

**COUNT 2**
(Concealment of Assets and False Oaths, in violation of 18 U.S.C. §§ 152(1), 152(2), and 152(3))

The Grand Jury further charges:

At all times material herein, unless otherwise indicated:

18.     The United States Bankruptcy Code provided that an individual could file a bankruptcy case to resolve financial hardship.  An individual who filed a bankruptcy case was known as a "debtor."

19.     The filing of a bankruptcy case created a bankruptcy estate at the time of filing.  The bankruptcy estate consisted of all legal and equitable interests of the debtor in property at the time of his bankruptcy filing and the proceeds of such legal or equitable interest, as well as any post-petition assets and income acquired by the debtor.

20.     A debtor in a Chapter 13 bankruptcy case was required to propose a Chapter 13 plan of reorganization which would pay the debtor's creditors over time at least as much as the creditors would receive if the debtor's assets were liquidated on the date of the filing of the bankruptcy petition.  The debtor was also required to have sufficient current income to fund payments under the proposed Chapter 13 plan and to meet the debtor's current financial obligations.  As part of proposing a Chapter 13 plan, the debtor represented that the debtor would make the monthly payments required under the proposed plan, as well as any post-petition payments that become due.

21.     A Chapter 13 debtor was required to complete and file, under penalty of perjury, a Statement of Financial Affairs ("SOFA") and Schedules disclosing the debtor's assets, liabilities, income, and expenses which the Bankruptcy Court used to determine whether the debtor would be

able to make the payments proposed in the Chapter 13 plan.

22. Upon the filing of a Chapter 13 bankruptcy case, a trustee was appointed to administer the bankruptcy case, including to review the debtor's bankruptcy petition, schedules and statements for completeness and consistency and to review the chapter 13 plan to see that it complies with requirements for confirmation. The trustee also had a statutory duty to examine the debtor thoroughly, under oath, at a meeting of creditors.

23. On or about September 11, 2014, Defendant BOBBIE W. WILLIAMS, a.k.a. ROBERT W. WILLIAMS ("WILLIAMS") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code in In re: Robert W. Williams, Case No. 14-52386-amk, before the United States Bankruptcy Court for the Northern District of Ohio ("Bankruptcy Petition"). Along with the Bankruptcy Petition, WILLIAMS filed additional documents, including bankruptcy Schedules and a SOFA.

24. On or about September 11, 2014, WILLIAMS identified himself as "Robert W. Williams" as the "debtor" on the first page of the Bankruptcy Petition, knowing in fact that his legal name was "Bobbie W. Williams."

25. On or about September 11, 2014, WILLIAMS listed his Social Security Number as xxx-xx-3883 on the Bankruptcy Petition, knowing in fact that his true Social Security Number was xxx-xx-0523. The Social Security Number ending in number 3883 was issued to L.L.

26. On or about September 11, 2014, WILLIAMS signed the Declaration RE: Electronic Filing of Documents and Statement of Social Security Number and declared, under the penalty of perjury, that the Social Security Number he submitted to the Court was true, correct, and complete.

27. On or about September 11, 2014, on Schedule A of the Bankruptcy Petition, WILLIAMS listed 356 Crosby Street, Akron, Ohio, as his residence, knowing that in fact his true residence was 2019 Ridgewood Road, Akron, Ohio, which was worth substantially more than the Crosby Street residence.

28. On or about September 11, 2014, WILLIAMS electronically signed the third page of the Bankruptcy Petition and declared, under the penalty of perjury, "that the information provided in this petition is true and correct."

29. On or about September 11, 2014, on Schedule A of the Bankruptcy Petition, WILLIAMS did not disclose his ownership interest the real property located at 2019 Ridgewood Road, Akron, Ohio.

30. On or about September 11, 2014, on Schedule B of the Bankruptcy Petition, WILLIAMS did not disclose as personal property his ownership interest in a company formally doing business as Housing Services Consulting Group, LLC. ("HSC").

31. HSC's business address on file with the Secretary of State for Ohio was 2019 Ridgewood Road, Akron, Ohio.

32. On or about September 11, 2014, on Schedule D of his Bankruptcy Petition, WILLIAMS did not list the mortgage due US Bank on his residence, 2019 Ridgewood Road, Akron, Ohio.

33. On or about September 11, 2014, WILLIAMS checked the box on Schedule E of the Bankruptcy Petition indicating he had no unsecured priority claims to report, knowing that in fact he had domestic support obligations and owed child support.

34. On or about September 11, 2014, WILLIAMS electronically signed the Declaration Concerning Debtor's Schedules page of the Bankruptcy Petition, under the penalty of perjury, attesting that he read the Schedules attached to his Bankruptcy Petition, and "that they are true and correct to the best of my knowledge, information, and belief." In addition, underneath WILLIAMS' signature, the Declaration advised him that he could be subject to prosecution, including perjury, for making a false statement or concealing property.

35. On or about September 11, 2014, WILLIAMS also signed the Declaration by Individual Debtor page of the SOFA section of his Bankruptcy Petition, under the penalty of perjury, attesting that he had "read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct."

36. On or about September 11, 2014, WILLIAMS disclosed in response to question no. 4 on the SOFA, which required a list of all suits and administrative proceeding pending within the one year preceding the bankruptcy filing, listed <u>BAV Home Loans Servicing, L.P. vs. Robert W. Williams, et al</u>, Case No. 2009-06-4678, a foreclosure complaint and judgment for plaintiff.

37. On or about September 11, 2014, WILLIAMS did not identify in response to question no. 4 on the SOFA the foreclosure complaint <u>U.S. Bank vs. Bobbie W. Williams, et al</u>, CV2014-05-2963. Such complaint was filed in Summit County, Ohio on June 20, 2014, on the note and mortgage held by US Bank related to the Western loan on the 2019 Ridgewood Road property.

38. On or about September 11, 2014, WILLIAMS disclosed in response to question no. 18 on the SOFA, which required a list of businesses in which the Debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietorship, or was self-employed within six year before the bankruptcy filing, in which the debtor owned more than a

5% interest, a real estate consulting business with an address PO Box 22368, Akron, Ohio operated from 2005 – 2011 called Housing Authority Services.

39. On or about September 11, 2014, WILLIAMS did not identify in response to question no. 18 on the SOFA his interest in Housing Services Consulting Group.

40. On or about September 11, 2014, WILLIAMS electronically signed the Certification of Notice to Consumer Debtor(s) Under Section 342(b) of the Bankruptcy Code page of the Bankruptcy Petition attesting that he read and received the attached notice, as required by section 342(b) of the Bankruptcy Code.

41. On or about September 11, 2014, WILLIAMS electronically signed the Verification of Creditor Matrix page of his Bankruptcy Petition attesting that he "verifies the attached list of creditors is true and correct to the best of his/her knowledge."

42. On or about September 11, 2014, WILLIAMS also signed the Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, section 61, declaring, "under the penalty of perjury that the information provided in this statement is true and correct."

43. On or about November 6, 2014, WILLIAMS testified, under oath, at a 341 meeting of creditors conducted by the Office of the Chapter 13 trustee, that he reviewed his bankruptcy petition, schedules and statements and that they were accurate.

44. On or about November 6, 2014, WILLIAMS testified, under oath, at a 341 meeting of creditors conducted by the Office of the Chapter 13 trustee that he had no stocks and that he worked for somebody else, knowing in fact that these statements were false.

45. On or about February 27, 2015 WILLIAMS also testified under oath at an examination conducted by the Chapter 13 trustee under Fed. R. Bankr. P. 2004 that he worked for HSC, did not have any ownership interest in HSC, and that his brother, Robert L. Williams, owned HSC, knowing in fact that these statements were false.

46. On or about February 27, 2015 WILLIAMS also testified during the 2004 Examination that his brother, Robert L. Williams, owned the 2019 Ridgewood property and operated HSC from that address, knowing in fact that he owned the 2019 Ridgewood property and owned and operated HSC from it.

47. On or about June 17, 2015, WILLIAMS filed a voluntary petition Amended for relief under Chapter 13 of the Bankruptcy Code in In re: Robert W. Williams, Case No. 14-52386, before the United States Bankruptcy Court for the Northern District of Ohio ("Bankruptcy Petition Amended"). Along with the Bankruptcy Petition Amended, WILLIAMS filed additional documents, including bankruptcy Schedules and a Statement of Financial Affairs.

48. On or about June 16, 2015, WILLIAMS listed his Social Security Number as xxx-xx-3883 on the Bankruptcy Petition, knowing in fact that his true Social Security Number was xxx-xx-0523. The Social Security Number ending in number 3883 was issued to L.L.

49. On or about June 16, 2015, WILLIAMS electronically signed the third page of the Bankruptcy Petition, and again declared, under the penalty of perjury, "that the information provided in this petition is true and correct," even though WILLIAMS submitted much of the same false information.

50. On or about June 16, 2015, WILLIAMS electronically signed the Declaration Concerning Debtor's Schedules-Amended page of the Bankruptcy Petition Amended attesting,

under the penalty of perjury, that he read the schedules attached to his Bankruptcy Petition Amended, and "that they are true and correct to the best of my knowledge, information, and belief." In addition, underneath WILLIAMS' signature, the Declaration advised him that he could be subject to prosecution, including perjury, for making a false statement or concealing property.

51. On the SOFA-Amended of the Bankruptcy Petition Amended, WILLIAMS checked the box indicating he had no, "financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold or otherwise transferred within one year immediately preceding the commencement of this case." WILLIAMS failed to list at least four financial accounts that were closed within the previous one year period.

52. On or about June 16, 2015, WILLIAMS also signed the Declaration Under Penalty of Perjury by Individual Debtor page of the SOFA section of his Bankruptcy Petition attesting that he had "read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct."

53. On or about September 11, 2014, through on or about July 17, 2015, in the Northern District of Ohio, Defendant BOBBIE W. WILLIAMS, a.k.a. ROBERT W. WILLIAMS knowingly and fraudulently: (1) concealed from the Trustee and creditors, in connection with a case under Title 11 of the United States Code (the Bankruptcy Code), any property belonging to the estate of the debtor (WILLIAMS); (2) made a false oath, and account; and (3) made a false declaration, certificate, verification, and statement under the penalty of perjury, as permitted under section 1746 of Title 28, as to material matters, in an in relation to a case under Title 11 of the United States Code (the Bankruptcy Code).

All in violation of Title 18, United States Code, Sections 152(1), 152(2), and 152(3).

## COUNT 3
(Bankruptcy Fraud, in violation of 18 U.S.C. § 157(2))

The Grand Jury further charges:

At all times material herein, unless otherwise indicated:

54. The allegations contained in paragraphs 1, 13, 14, and 18 through 52 of this Indictment are re-alleged and incorporated by reference as if fully set forth herein.

55. On or about September 11, 2014, Defendant BOBBIE W. WILLIAMS, a.k.a. ROBERT W. WILLIAMS ("WILLIAMS"), in the Northern District of Ohio, Eastern Division and elsewhere, with the intent to devise a scheme and artifice to defraud and for the purpose of executing or concealing such a scheme or artifice, to wit: filed a fraudulent document, a Schedule A to his voluntary petition for relief under Chapter 13 of the Bankruptcy Code in In re: Robert W. Williams in case no. 14-52386, in a proceeding under Title 11 of the United States Code, which concealed his ownership interest in the property located at 2019 Ridgewood Road, Akron, Ohio from the trustee and the United States Bankruptcy Court, Northern District of Ohio, as part of the bankruptcy estate.

All in violation of Title 18, United States Code, Section 157(2).

A TRUE BILL.

Original document - Signatures on file with the Clerk of Courts, pursuant to the E-Government Act of 2002.